## INGERSOLL *v.* KUNKEL, WARDEN.
[No. 26,685. Filed October 20, 1936.]

*T. Ernest Maholm,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *J. Edward Barce,* and *Caleb J. Lindsey,* Assistant Attorneys-General, for appellee.

HUGHES, C. J.—The appellant filed a petition for a writ of habeas corpus. It appears from the petition that the appellant is restrained of his liberty by the appellee, as warden of the Indiana State Prison, located at Michigan City, LaPorte county, Indiana, by valid commitment of the Hamilton Circuit Court of Indiana, issued upon a valid judgment of said court, rendered and entered upon April 7, 1931.

The appellant alleges in his petition for the writ that the judgment upon which the commitment was issued was void for the reason that:

"That the Grand Jury which was drawn from the Jury Box, by the jury commissioners of Hamilton County, Indiana, to act and serve as Grand Jurors for the October term of 1930, and which thereafter, did, on the 27th day of December, 1930, present indictment No. 4801, entitled *State of Indiana vs. Robert Ingersoll* (this petitioner), was not organized in accordance with the statute, and was illegally constituted, in that the names of legal voters theretofore placed in the jury box, of Hamilton County, Indiana, to be drawn as Grand and Petit Jurors by the Jury Commissioners of Hamilton County, Indiana, excluded women on account of their sex, and they, the said Jury Commissioners of Hamilton County, Indiana, did arbitrarily refuse and exclude the names of females as a class of legal voters, whose names were then and there on the tax duplicate of Hamilton County, Indiana, for the current year of 1929, not to be drawn for jury service during the year, 1930."

The appellee filed a motion to quash the petition for a writ of habeas corpus which was sustained. The appellant has appealed from said ruling, alleging in his assignment of errors that the court erred in sustaining appellee's motion to quash the writ of habeas corpus.

The petition upon its face shows that the Hamilton Circuit Court had jurisdiction of the person of the defendant; that the petitioner is restrained of his liberty by means of a commitment on a final judgment of the Hamilton Circuit Court, and that the petitioner is seeking to have the LaPorte Superior Court pass upon a final judgment of the Hamilton Circuit Court.

This court judicially knows that the Hamilton Circuit Court is a court of competent jurisdiction with power to hear and determine crimes and misdemeanors. *Stephenson* v. *Daly* (1928), 200 Ind. 196, 158 N. E. 289; *State ex rel. Kunkel* v. *Cir-*

*cuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614. Section 3-1918 Burns' Ann. St. 1933, section 1033 Baldwin's Ind. Statutes 1934, provides that:

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * *
> "Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

In the instant case, we find from the petition that there was a final judgment rendered by a court of competent jurisdiction, and that a valid commitment was issued thereon.

In *Shideler v. Vrljich* (1925), 195 Ind. 563, 567, 145 N. E. 881, it is said:

> "The recital over the hand of the clerk and seal of the court of the judgment pursuant to which the order of commitment·stated it was issued was conclusive against a collateral attack in another court by *habeas corpus,* and the only inquiry permissible in this case was whether or not the petitioner was in custody under final·process issued upon a judgment of a court of competent jurisdiction. . . . Jurisdiction to hear and determine a matter includes power to make a decision ·and enter a judgment or order that will be binding until set aside or reversed, however erroneous it may be. 'Jurisdiction to decide gives power to decide wrong'. And one circuit or superior· court has no supervisory power over the execution of process from another such court, and even if it had, a writ of *habeas corpus* is in no sense a writ of error."

In the instant case the petition shows that the appellant was in custody under final process under a judgment rendered by a court of competent jurisdiction, over which the Superior Court of LaPorte County had

no power to interfere with its process, nor to inquire into what had been done, or to correct errors, if any, made by the Hamilton Circuit Court.

In the case of *Scott et al.* v. *Runner, Assignee, etc.* (1896), 146 Ind. 12, 13, 14, 44 N. E. 755, it is said:

> "The rule is settled in this State, that one court cannot control the execution of the orders and process of another court of equal jurisdiction."
> . The court having first had jurisdiction "has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a higher court will correct its errors, and thus avoid all conflicts between courts of co-ordinate power." *Scott* v. *Runner, supra.*

It is not the purpose of a writ of habeas corpus to correct errors. As heretofore stated, the petition for a writ of habeas corpus shows on its face that the judgment is one which the Hamilton Circuit Court had jurisdiction to render, and that the petitioner is the identical person against whom the judgment was rendered, and the LaPorte Superior Court has no jurisdiction to inquire into the legality of the proceedings upon which the judgment is founded. If the appellant was deprived of any right which prevented him from having a fair trial in the Hamilton Circuit Court, and if the proceedings there were erroneous, then he had the right to a new trial, if the facts were available during the time in which that motion might be filed, or thereafter by petition for a writ of error *coram nobis.*

No facts were alleged in appellant's petition which justified the LaPorte Superior Court in granting the petition for a writ of *habeas corpus;* and, therefore, no error was committed quashing the writ. For an illum-

inating discussion of the questions involved here, see *State* v. *Circuit Court of LaPorte County, supra.*

Judgment affirmed.