## SWAIN *v.* DOWD, WARDEN.

[No. 27,127. Filed February 9, 1939. Rehearing denied March 6, 1939.]

*R. L. Bailey* and *Tenola E. Graves,* for appellant.

*Omer S. Jackson,* Attorney General, and *Rexell A. Boyd,* Deputy Attorney General, for appellee.

SHAKE, J.—This is an appeal from a decision of the LaPorte Superior Court quashing appellant's verified petition for a writ of habeas corpus. The petition is in two paragraphs. The first paragraph alleges merely that appellant was sentenced to suffer death by the judgment of the Vanderburgh Circuit Court; that the warrant issued for the execution of said judgment was directed: "That Louis Kunkel, Warden of the Indiana State Prison, be and he is hereby charged with the execution of this judgment and sentence." It is alleged that Louis Kunkel is no longer warden of the Indiana

State Prison, and that the appellee, as his successor, has no jurisdiction to execute said warrant.

The second paragraph of the petition charges in substance that appellant was found guilty in said Vanderburgh Circuit Court; that the trial jury was not properly sworn; that it was not duly constituted because negroes were arbitrarily and unlawfully excluded therefrom; that the grand jury that returned the indictment upon which appellant was tried was illegally constituted for the same reasons; that appellant was denied his constitutional rights before and at his trial because he was not adequately represented by counsel, as required by law, by reason of all of which said facts the said Vanderburgh Circuit Court was without jurisdiction and its judgment is void. The matters relied on in the second paragraph of appellant's petition were all fully considered and decided adversely to appellant in the case of *James Reed Swain* v. *State,* post 259, Number 27,134, decided by this court at the present term. On the authority of that case this appeal must be resolved against appellant as to the ground for relief embraced in the second paragraph.

The case was determined by the court below upon a motion to quash the petition and each paragraph thereof. The substance of the motion is that the petition shows upon its face that the Vanderburgh Circuit Court had jurisdiction of the person of the appellant and of the subject-matter of the cause. The state relies upon the provisions of section 3-1918 Burns 1933, §1033 Baldwin's 1934, which, insofar as applicable, are as follows:

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Second. Upon any process issued on

any final judgment of a court of competent jurisdiction."

It does not appear from the petition that the Vanderburgh Circuit Court did not have jurisdiction of the person and subject-matter of the action upon which the judgment complained of was rendered. Appellant's petition for a writ of habeas corpus is therefore a collateral attack upon the judgment. Such a procedure is not permitted under our practice. *Shideler* v. *Vrljich* (1925), 195 Ind. 563, 145 N. E. 881; *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614. In the last mentioned case this court fully considered a situation identical with that here presented and reviewed the authorities in detail. It was there pointed out that for any error at law apparent on the record, an adequate remedy is provided by way of a motion for new trial and by appeal to this court, and that where a new trial may not be available because the time for filing such a motion has expired, the facts may be presented to the trial court by petition for a writ of error *coram nobis,* from which proceeding there is also a right of appeal. Appellant has had the benefit of both remedies. He appealed from the denial of a motion for a new trial and he likewise had his appeal from the denial of his petition for a writ of error *coram nobis. James Reed Swain* v. *State* (1938), 214 Ind. 412, 15 N. E. (2d) 381; *James Reed Swain* v. *State* (1939), post 259, 18 N. E. (2d) 921, decided at the present term of this court.

The fact that the execution warrant was directed to Louis Kunkel, as warden, and that he no longer occupies that position, affords the appellant no right to relief. The appellant is held by virtue of the judgment and sentence, of which the warrant is merely the evidence. The warrant is not defective, but

if it were that would not render the appellant's detention unlawful, or authorize his release upon a petition for a writ of habeas corpus. *Sturgeon* v. *Gray* (1884), 96 Ind. 166; *Webber* v. *Harding* (1900), 155 Ind. 408, 58 N. E. 533.

The LaPorte Superior Court did not err in quashing appellant's petition for a writ of habeas corpus.

Judgment affirmed.