BOTWINSKI v. DOWD, Warden.

No. 7517.

Circuit Court of Appeals, Seventh Circuit.

March 6, 1941.

830 .

Appeal from the District Court of the United States for the Northern District of Indiana, South Bend Division; Thomas W. Slick, Judge.

Proceeding by John Botwinski for a writ of habeas corpus directing his release from the custody of Alfred Dowd, as Warden of the Indiana State Prison. From an order denying the relief sought, petitioner appeals.

Oscar B. Thiel, of Gary, Ind., for appellant.

Samuel D. Jackson and James K. Northam, both of Indianapolis, Ind., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and HOLLY, District Judge.

SPARKS, Circuit Judge.

Appellant, a prisoner in the custody of appellee as warden of the Indiana State Prison, presented his petition for a writ of habeas corpus on the ground that he was illegally restrained in violation of the fourteenth amendment to the Constitution of the United States. The writ issued; appellee filed his return; a full hearing was had on the allegations of the petition and return, after which the District Court denied the relief sought, and from that order of denial, appellant appeals.

We are convinced that the ruling of the District Court must be sustained for two reasons. In the first place, there has been no application to a state court for relief from the judgment as to which complaint is here made. For reasons stated by this court in Achtien v. Dowd, 7 Cir., 117 F.2d 989, decided February 19, such relief as is here sought should be sought through the machinery of the state courts, from which application for review may be made directly to the Supreme Court of the United States if the applicant urges that he is wrongfully deprived of the rights guaranteed him by the Federal Constitution.

A further ground appears in the case at bar for affirmance of the District Court decision, in that the record discloses a full hearing on the petition for habeas corpus. Appellant and his brother-in-law appeared as witnesses to sustain the allegations of the petition. In opposition, the court heard the testimony of the Judge of the Jasper County Circuit Court who had presided over the original trial, and who described in detail what happened at that trial. The District Court also heard the evidence of the Indiana State Policeman who was with appellant from the time he was picked up in the city of Chicago and who brought him from Chicago to Hammond, and later to Rensselaer, Indiana, where he was tried. The prosecutor of Jasper County who had prosecuted the case also testified. Our reading of the evidence of these five witnesses convinces us that the court was justified in denying the extraordinary relief sought by the petition. Petitioner did not sustain the burden of proving his allegations of illegal detention. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Smith v. O'Grady, 61 S.Ct. 572, 85 L.Ed. ——, decided by the Supreme Court, February 17.

We are convinced that the foregoing factors warrant affirmance of the order of the District Court, were the question properly presented to us. However, in view of the absence of a certificate of probable cause as required by statute (28 U.S.C.A. § 466) for allowance of an appeal from an order relating to habeas corpus where petitioner is held under process issuing from a state court, we must hold that the appeal is not properly before us. United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262; Ex parte Cowen, 9 Cir., 98 F.2d 530 and Id., 9 Cir., 98 F.2d 1019; Genna v. Frazier, 5 Cir., 24 F.2d 706.

The appeal, therefore, must be, and it is hereby dismissed.