## DAVIS v. DOWD, Warden.
## No. 7460.

Circuit Court of Appeals, Seventh Circuit.

April 15, 1941.

Geo. S. Lavin, of Chicago, Ill., for appellant.

Geo. N. Beamer, Atty. Gen. of Indiana, and Geo. B. Davis, Deputy Atty. Gen. of Indiana, for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner, convicted in 1933 of the crimes of kidnapping, robbery and robbery while armed, in the Circuit Court of Vigo County, Indiana, an inmate of the Indiana State Prison, appeals from an order of the District Court denying his application for a writ of habeas corpus. Petitioner contends that in the proceedings in the state court, denial of right to counsel of his own choice, fixing of excessive bail and imposition of unreasonably severe and multiple punishment worked infringement of his constitutional rights. In those proceedings, the state court appointed for petitioner counsel to represent him. Upon the kidnapping charge, a jury trial resulted in verdict of guilty and sentence for life. Upon the robbery charges, petitioner, being arraigned for a second time, said that he "must be guilty of this charge too." He made no attempt at any time to obtain a review of any of the judgments. Nor has application been made to a state court for a writ of habeas corpus or writ of error coram nobis. When petitioner came to this court as a pauper, in order that his rights might be properly safeguarded, we appointed reputable, experienced, capable counsel to represent him who has prepared and filed an extended brief covering all points involved and submitted oral argument in behalf of petitioner.

Under repeated decisions, state governmental bodies, who are charged with prosecution and punishment of offenders, are not to be interfered with except in case of extraordinary circumstances. In the ordinary course of events, such officials must be permitted to perform their duties without impediment by the federal government. Before a national court shall be justified in issuing a writ of habeas corpus in behalf of a prisoner under state commitment, recourse must first be had to whatever judicial remedy may be afforded by the state. In the absence of showing by petitioner that he had attempted to avail himself of such remedy, the District Court was, in view of the fact that no extraordinary circumstances were brought to its attention, without authority to act favorably upon the petition. Achtien v. Dowd, 117 F.2d 989, decided by this court February 19, 1941; Botwinski v. Dowd, 118 F. 2d 829, decided by this court March 6, 1941 and cases cited in the two opinions.

Petitioner asserts that to have sought a remedy under the Indiana con-

stitution and statutes would have been futile. But the Constitution of Indiana, Article I, Section 27, preserves the writ of habeas corpus and Section 3-1901, Burns 1933 Indiana Statutes provides that every person "restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Furthermore, petitioner might have brought his alleged new facts before the court by writ of error coram nobis. Sanders v. State, 85 Ind. 318, 44 Am.Rep. 29; Wheeler v. State, 158 Ind. 687, 63 N.E. 975; Partlow v. State, 191 Ind. 657, 134 N.E. 483; Berry v. State, 202 Ind. 294, 165 N.E. 61, 173 N.E. 705, 72 A.L.R. 1177; Stephenson v. State, 205 Ind. 141, 179 N.E. 633, 186 N.E. 293. It would be preposterous for us to assume in advance that the courts of Indiana will deny to petitioner rights guaranteed to him by the constitutions of the United States and Indiana and the statutes of that state. Rather we must remember that should petitioner, after application to the state court, deem some federal right invaded, statutes of the United States afford ample remedy in his behalf. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed. 402.

Petitioner asserts, however, that the circumstances here involved are so extraordinary in character as to remove the case from the ordinary rule. The record does not support the contention. The facts are no more nearly extraordinary than those of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406 and of the two cases recently decided by this court.

Nor does the doctrine of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 militate against our conclusion. That decision had to do with the right of a District Court other than the one entering a criminal judgment to entertain an application for writ of habeas corpus at the suit of a federal convict. It bore in not the slightest degree upon the propriety of an application of a state convict to a federal court for a writ of habeas corpus where no invocation of state remedies has occurred.

In view of the fact that no certificate of proper cause as required by 28 U.S.C.A. § 466 appears in the record it is doubtful, even in view of the circumstances urged against the application of the statute by petitioner, that we have jurisdiction of this appeal. However, we have preferred to put our decision upon the merits.

The order of the District Court is affirmed.