STATE EX REL. DOWD, WARDEN *v.* SUPERIOR COURT OF LAPORTE COUNTY, ETC.

[No. 27,568. Temporary writ of prohibition issued June 11, 1941. Writ of prohibition made permanent June 23, 1941. Rehearing denied October 7, 1941.]

*George N. Beamer,* Attorney General, *Norman E. Duke,* Deputy Attorney General, and *John R. Walsh,* Deputy Attorney General, for relator.

*Oscar B. Thiel,* of Gary, for respondent.

ON PETITION FOR REHEARING.

FANSLER, C. J.—On June 10, 1941, the relator filed a petition seeking a writ prohibiting the respondent

from issuing a writ of *habeas corpus* on the petition of one John Botwinski.

It appears without controversy that Botwinski was charged with bank robbery in the Jasper Circuit Court, a court of general criminal jurisdiction; that he entered a plea of guilty; that there was a judgment finding him guilty; and that he was sentenced to the Indiana State Prison, and a commitment, regular in form, issued on said judgment, and that he was held by the relator under said judgment. These facts were fully disclosed and were not controverted in the trial court. It was the petitioner's contention that the judgment was void because he was deprived of the services of an attorney at the time of his arraignment, and had no attorney at the time he entered his plea of guilty. On the filing of the original action in this court, a temporary writ issued, and, after a return, which did not controvert these facts, the writ was made permanent by an order of this court entered on June 23, 1941, without an opinion.

On petition for rehearing, the respondent points to Section 5 of Article 7 of the Constitution of Indiana, which provides: "The Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case, and the decision of the Court thereon," and asserts that the court erred in failing to file a written opinion upon final disposition of the case. It has been concluded that the respondent is right in his contention, and that the constitutional provision requires an opinion in writing in original actions as well as in appeals.

Courts of a county in which a State Prison is located have no jurisdiction to issue writs of *habeas corpus* in

an action against the warden on behalf of a prisoner held upon a writ issued in execution of a judgment by a court of general criminal jurisdiction where the judgment and commitment are regular upon their face; and it is the duty of such courts to refuse to exercise jurisdiction, and to dismiss the petition when it is made to appear that the petitioner is held under such a proceeding. If the trial court which rendered the judgment upon which the commitment is based committed error in depriving the defendant of some constitutional right, the remedy is in the court rendering the judgment, or by appeal to this court. This rule has been announced so often, so clearly and so emphatically, that another opinion announcing it should not reasonably seem necessary. Another opinion can add no light for the guidance of bench and bar. The earlier cases are collected in *State ex rel. Kunkel et al.* v. *Circuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614, and the rule is announced again in *Swain* v. *Dowd, Warden* (1939), 215 Ind. 256, 18 N. E. (2d) 928.

But it is contended that the petitioner had no remedy by motion for a new trial or *coram nobis* proceeding. If so, it must be chargeable to his own inexcusable neglect, since otherwise there is opportunity to correct error by one method or the other. The question of whether or not the committing court committed error can be of no concern to the LaPorte Superior Court, since it has *no jurisdiction* to determine whether there was error.

The petition for rehearing is denied.

NOTE.—Reported in 36 N. E. (2d) 765.