CHRISTIAN *v.* DOWD, WARDEN

[No. 27,601.   Filed December 8, 1941.]

*James A. Patterson,* of Gary, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for appellee.

SHAKE, C. J.—This is an appeal from the action of the LaPorte Superior Court in sustaining the appellee's motion to quash the appellant's petition for a writ of *habeas corpus.*

It appears from the petition that in 1935 the appellant was charged by affidavit in the Criminal Court of Lake County with robbery. He was arrested on a warrant and taken before said court for arraignment. The appellant says that when called upon to plead he stood mute and that an attorney whom he did not know or employ, and who had no authority to act for him, waived arraignment and entered a plea of guilty on his behalf. The Criminal Court of Lake County thereupon sentenced the appellant to the Indiana State Prison, which is in LaPorte County, where he is now confined.

The judgment of the Criminal Court of Lake County is set out in full in the petition for the writ. It therein appears that the appellant was before that court in his own proper person and that he was represented by counsel; that appellant waived arraignment; that he waived trial by jury; and for plea said that he was guilty as charged. This record imports verity on its face and, in a collateral proceeding, constitutes conclusive evidence of the jurisdiction of the court over the person of the appellant.

Our *habeas corpus* statute very wisely provides that:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . .

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

Acts 1881 (Sp. Sess.), ch. 38, § 790, p. 240. § 3-1918, Burns' 1933, § 1033, Baldwin's 1934.

Had the Criminal Court of Lake County been afforded the opportunity to correct the alleged error here complained of, it would have had power to allow the appellant to withdraw the plea of guilty and enter a plea of not guilty, whereupon the case would have proceeded to trial upon the merits, and if that court had wrongfully denied the appellant the relief to which he was entitled, its action would have been subject to review. But if the appellant should be permitted to prevail in the *habeas corpus* proceedings in the LaPorte Superior Court, he would be entitled to his discharge, although, by his own admission, no question was raised as to the sufficiency of the charge and no determination was made as to his innocence. The above statute has been so many times interpreted as applicable to situations like the one here presented, that it is unnecessary to again cite authorities. These cases may be readily found in the footnotes to the statute and under the subject of "Habeas Corpus" in the digests.

Judgment affirmed.

Note.—Reported in 37 N. E. (2d) 933.