JONES v. DOWD, Warden of Indiana
State Prison.

No. 7896.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1942.

332

Owen A. West, and West & Eckhart, all of Chicago, Ill., for petitioner.

Geo. N. Beamer, Atty. Gen., James K. Northam, Asst. Atty. Gen., and Norman E. Duke, Deputy Atty. Gen., of Indiana, for respondent.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The petitioner-appellant, a prisoner in the Indiana State Prison, brought a petition in the District Court for the Northern District of Indiana for a writ of habeas corpus against the appellee, who is the warden of the Indiana State Prison. The Attorney-General of Indiana moved to dismiss the petition and the court sustained the motion. The error assigned here is that of the District Court in sustaining the motion to dismiss. The petitioner is in prison and without funds, and we appointed counsel for him. With commendable spirit and devotion to his assignment, counsel has prepared an able and exhaustive brief, and argued the cause orally before the court.

Without setting forth in detail all the facts alleged in the petition, the nature of the right asserted by the petitioner will be made to appear sufficiently by the following recital:

On October 19, 1929 in Clinton County, Indiana, the petitioner was indicted for murder. The petitioner was wounded in the affray in which the victim was murdered and was under a physician's care while in jail awaiting trial. On November 27, 1929 in open court he was arraigned and entered a plea of not guilty, and the pauper's attorney, Paul Laymon, was appointed to defend him. On November 29, 1929 a change of venue was taken from Clinton to Boone County. Trial began in the Boone Circuit Court January 20, 1930, and Paul Laymon of Clinton County and Roy Adney of Boone County were designated by the trial court to defend the petitioner. On January 28, 1930 a jury returned a verdict of guilty of murder in the first degree. A motion for a new trial was overruled on February 1, 1930, and the petitioner was sentenced to life imprisonment in the State Prison, in custody of the appellee. No appeal to the Supreme Court of Indiana was taken.

The petitioner alleges that his counsel did not properly prepare for trial and defend him; that certain evidence favorable to the petitioner could have been obtained by proper diligence; that there was error in the court's instructions; and other similar complaints. In short, the allegations in the petition for a writ of habeas corpus set forth facts and the petitioner's conclusions which, if true and properly pleaded in a proper proceeding, were grounds for a new trial or could have been assigned independently as error on an appeal to the Supreme Court of Indiana.

In other words, the petitioner seeks to use the petition for a writ of habeas corpus as a means to review in the Federal courts alleged errors of law committed by the trial court in Boone County, Indiana. It is well established that the procedure in habeas corpus cannot be used to correct errors of law committed by the trial court in a cause where it had jurisdiction, as it had in this case. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L. Ed. 969; Valentina v. Mercer, 201 U.S. 131, 138, 26 S.Ct. 368, 50 L.Ed. 693; Ex Parte Novotny, 7 Cir., 88 F.2d 72, 74.

Furthermore, the allegations of the petition do not allege that the petitioner had exhausted his remedies in the State court of Indiana. For the purpose of reviewing

judgment after the time for appeal has expired, there is available in Indiana upon the proper showing the writ of error coram nobis. Stephenson v. State, 205 Ind. 141, 179 N.E. 633, 186 N.E. 293; Berry v. State, 202 Ind. 294, 165 N.E. 61, 173 N.E. 705, 72 A.L.R. 1177; Partlow v. State, 191 Ind. 657, 134 N.E. 483. Where this writ exists, and is applicable, it is recognized by the Supreme Court as one of the adaptations that meets the requirements of due process under the Fourteenth Amendment to the Federal Constitution. Hysler v. Florida, 62 S.Ct. 688, 691, 86 L.Ed. ——, decided March 2, 1942; Ex parte Botwinski, 314 U.S. 586, 62 S.Ct. 476, 86 L.Ed. ——.

█ Since the writ of error coram nobis was available to the petitioner in Indiana to review a judgment of the court alleged to have erroneously affected the petitioner's rights, he was required in the absence of special circumstances, which do not appear in this case, to exhaust this remedy in the State court before he could resort to a writ of habeas corpus in the Federal courts. Davis v. Dowd, 7 Cir., 119 F.2d 338.

It is true the petitioner has alleged in his petition that he "offered to file" a petition for a writ of error coram nobis. From the allegations of the petition, we gather this "offer" consisted of a letter of July 6, 1934, which petitioner wrote to the trial judge in Boone County, expressing petitioner's willingness and desire to pursue this remedy, and requesting the judge to appoint counsel to prosecute the remedy, at the expense of the State of Indiana. The judge ignored the letter. On December 16, 1936, petitioner alleges, he tried to file a petition for a writ of error coram nobis which he had prepared. This petition was coupled with a request for counsel at the expense of the State of Indiana, and was accompanied by a brief he had prepared himself. The petitioner is not a lawyer but had read some law books while in prison. The court still ignored petitioner's request. On April 22, 1937 he filed a petition in the Supreme Court of Indiana, without aid of counsel, praying a writ of mandamus against the judge of the Boone Circuit Court, requiring him to show cause why he did not appoint counsel and proceed with the trial on the writ of error coram nobis. The Supreme Court without opinion denied the petition.

█ The petitioner was not entitled under the law of Indiana to have counsel provided at the expense of the State of Indiana. Although the petition for the writ of error coram nobis must be filed in the court that rendered the judgment sought to be reviewed and that judgment is in a criminal case, still the proceeding is in its nature civil and not unlike a bill to review a decree in equity. Since it is in its nature a civil proceeding, the petitioner was not entitled to have counsel furnished at the expense of the State of Indiana. State ex rel. Cutsinger v. Spencer, Ind.Sup., 37 N.E.2d 88, 90.

█ We do not think the jurisdiction of the Boone Circuit Court can be properly invoked by communicating an intent and purpose to the judge thereof, coupled in each instance with a request to the judge that he was not authorized under the law to grant. It was petitioner's duty to file his petition in the office of the Clerk of the Boone Circuit Court, and to provide at his own expense for counsel and a transcript. It is not a sufficient compliance with the conditions precedent to his right to come into the Federal courts for the petitioner to make requests through the judge of the trial court coupled with demands the judge is powerless to grant. The State of Indiana cannot be held to be in default of its sacred duty under the Federal Constitution by such equivocal acts.

█ There is no allegation in the petition that the petitioner applied to the State court of Indiana for a writ of habeas corpus. In the absence of special circumstances, which do not appear in this case, the petitioner was bound to exhaust his remedy for habeas corpus in the State court of Indiana before he could come into the Federal courts for relief. Davis v. Dowd, 7 Cir., 119 F.2d 338; Botwinski v. Dowd, 7 Cir., 118 F.2d 829, 830; Achtien v. Dowd, 7 Cir., 117 F.2d 989. It is not to be supposed by us that the courts of Indiana will not proceed in an orderly manner and according to due process. Until it has been demonstrated to us upon the record that the courts of Indiana have been appealed to and have denied the due process guaranteed under the Fourteenth Amendment to the Federal Constitution, we must decline to act. A decent regard for the dignity of State process dictates such a course.

The Constitution and statutes of Indiana give full recognition to the right to the writ of habeas corpus. Indiana Constitution, Aricle 1, Section 27; Burns Revised Statutes (1933) 3-1901. The fact that the Indiana Supreme Court has consistently

held that one trial court has no authority to review the errors of another on a petition for a writ of habeas corpus does not relieve the petitioner of the duty to pursue the remedy first in the State court. Davis v. Dowd, 7 Cir., 119 F.2d 338. A litigant in a State court is not at liberty to set in motion the jurisdiction of the Federal court by a petition for a writ of habeas corpus charging the State court has denied him due process under the Fourteenth Amendment, until the State has been given a chance to make its record under this same writ. The orderly administration of justice demands it.

Because the petitioner did not attempt to proceed in the State court first by filing for a writ of habeas corpus there he is not here in a position to invoke the jurisdiction of the Federal courts in a like proceeding.

The judgment of the District Court sustaining the motion to dismiss is affirmed.