## MARKS v. DOWD, Warden of Indiana State Prison.

### No. 332.

District Court, N. D. Indiana,
South Bend Division.

Sept. 8, 1942

Robert H. Moore, of Gary, Ind., Harry L. Crumpacker, of Michigan City, Ind., and Floyd O. Jellison, of South Bend, Ind., for petitioner.

George N. Beamer, Atty. Gen. of Indiana, James K. Northam, First Asst. Atty. Gen., and Norman E. Duke, Deputy Atty. Gen., for respondent.

SLICK, District Judge.

Petitioner, John R. Marks, Earl Freeman, and Frank Lung, were indicted by the Elkhart County Grand Jury, and petitioner was tried on said indictment. He was convicted, and on appeal to the Supreme Court of the State of Indiana the conviction was sustained, but the Supreme Court mandated the trial court to sentence petitioner, defendant in the State Court, on another paragraph in one count in the indictment than the one on which he claims he was tried, the Supreme Court holding that one section of the statute of Indiana had been repealed by implication. The petitioner claims that he was tried under the statute which the Supreme Court held repealed. Petitioner is now serving time in the penitentiary at Michigan City.

His petition for writ of habeas corpus is quite lengthy and is challenged by the Office of the Attorney General of Indiana as insufficient.

■ It appears by the petition that the petitioner has not applied to any State Court for a writ of habeas corpus, and under the authority of Clyde Jones v. Alfred F. Dowd, 7 Cir., 128 F.2d 331; Davis v. Dowd, 7 Cir., 119 F.2d 338, and Achtien v. Dowd, 7 Cir., 117 F.2d 989, this is fatal to the validity of the petition.

■ As I read the decisions, it seems clear to me that no proceedings may be had in the Federal District Court for a writ of habeas corpus, in the absence of exceptional circumstances, until the right to such a

writ has been denied by the State Courts. As was said in Jones v. Dowd, supra [128 F.2d 334], "A litigant in a State court is not at liberty to set in motion the jurisdiction of the Federal court by a petition for a writ of habeas corpus charging the State court has denied him due process under the Fourteenth Amendment, until the State has been given a chance to make its record under this same writ. The orderly administration of justice demands it."

For the above reasons, the motion to dismiss the petition is sustained and the petitioner is granted an exception. The petition for a writ of habeas corpus is also denied and petitioner is granted an exception.