## POTTER v. DOWD, Warden.
### No. 8630.

Circuit Court of Appeals, Seventh Circuit.

Dec. 8, 1944.

Charles W. Potter, of Michigan City, Ind., in pro. per., for appellant.

Frank E. Coughlin, Deputy Atty. Gen., of Indiana, for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Appellant is a prisoner in the Indiana State Prison, serving a life sentence for rape, imposed in April, 1939, pursuant to a judgment of conviction of a state court. He petitioned the District Court for a writ of habeas corpus. From an order denying his petition—the court dismissed the petition without an examination into the substance of the causes of his detention and without determining the verity of the allegations of the petition—this appeal, in forma pauperis, is presented.

The contention is that appellant is being deprived of his liberty without due process of law in contravention of the Constitution of the United States.

■ In his petition he did not allege that he had applied to the state courts of Indiana for a writ of habeas corpus, but he charges that he was "framed"; that his "confession" was obtained by .duress, that is, by threats of violence (the police told him they would "knock your [his] teeth down your [his] throat" if he didn't sign it); that his repudiation of the confession and his statement of the duress, before the trial judge, were ignored; that he was too poor to employ an attorney and was refused counsel by appointment of court; that he was adjudged to be guilty and sentenced without a plea of guilty made by him; and that he has endeavored to obtain relief in the Indiana state courts by coram nobis proceedings. All of these allegations of fact we must accept as true.

It further appears that the court before whom the petition for writ of error coram nobis was filed appointed counsel for him, but upon being advised that there is no constitutional provision nor state law in Indiana that entitles one in such proceeding to counsel furnished at public expense, State ex rel. Cutsinger v. Spencer, 219 Ind. 148, 41 N.E.2d 601, and State ex rel. Jones v. Smith, 220 Ind. 645, 45 N.E.2d 203, 46 N.E.2d 199, the previously appointed counsel was removed, leaving him without legal assistance. He appealed to the Indiana Supreme Court, where, in his own handwriting, he filed his transcript of the record. That court refused to entertain the appeal because the transcript was "not in correct form for an appeal case or an original action, therefore the court refuses to consider it until it is in due form." Perhaps, having in mind the language of the Supreme Court in Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868, that it could not assume that the Supreme Court of Indiana would refuse to use its process to bring before it such parts of the record as might be necessary for a decision of the case, or that, in any event, it would refuse to enter an order finally disposing of the appeal, he filed in the Indiana Supreme Court a petition for writ of certiorari directed to the trial court to send up a proper record. This petition the Supreme Court of Indiana denied.

■■ True, this court said that it was petitioner's duty to present his application for relief from an allegedly illegal

restraint of liberty because of a conviction for a felony in a state court to the judicial forums of the state in which he was convicted; that federal courts will not ordinarily interfere with the normal course of procedure under state authority, but will leave the applicant to exhaust the remedies afforded by the state for determining whether he is illegally imprisoned; and that federal jurisdiction in such cases is to be exerted only in exceptional cases involving such emergency or great urgency as necessitates action to prevent irreparable injury, Achtien v. Dowd, 7 Cir., 117 F.2d 989; Botwinski v. Dowd, 7 Cir., 118 F.2d 829; Davis v. Dowd, 7 Cir., 119 F.2d 338; Jones v. Dowd, 7 Cir., 128 F.2d 331; and Kelly v. Dowd, 7 Cir., 140 F.2d 81. We do not recede from what the court said in those cases, rather we reaffirm the principles enunciated. They apply where the state court remedy proves in practice that it is adequate and available and that it affords a full and fair adjudication of the federal contentions raised, but where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, a federal court should entertain his petition for habeas corpus, else he would be remediless. *In such a case he should proceed in the federal district court for habeas corpus.*[1] Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448.

We note that in none of the Indiana cases just cited was there filed a petition for writ of error coram nobis, and in all of them this court was convinced there was no extraordinary case presented, while in the Botwinski case a full hearing was had, witnesses were heard, and the court found as a fact that petitioner had not sustained the burden of the allegations of his petition.

■ It is true that the Constitution, Art. 1, § 27, and the statutes of Indiana, §§ 3-1901 and 3-1905 Burns Ann.St.1933, recognize the right to the writ of habeas corpus, but § 3-1918 provides that "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * *

Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

In the case of Dowd v. Anderson, 220 Ind. 6, at page 7, 40 N.E.2d 658, the court said: "It has been provided by statute, and uniformly held by this court from the earliest times, that a judgment of a court of competent jurisdiction cannot be collaterally attacked and overthrown in a habeas corpus proceeding; that failure to accord the defendant constitutional rights is error, but does not render the judgment void." Continuing on page 8 of 220 Ind., at page 659 of 40 N.E.2d, it said: "Where constitutional rights, state or federal, are invaded or denied there are well known remedies provided, * * *." See also Goodman v. Daly, 201 Ind. 332, 165 N.E. 906; Dinkla v. Miles, 206 Ind. 124, 188 N.E. 577; Ingersoll v. Kunkel, 210 Ind. 482, 4 N.E.2d 183; Christian v. Dowd, 219 Ind. 265, 37 N.E.2d 933; State ex rel. Spence v. Worden, 219 Ind. 532, 39 N.E.2d 733. Thus it is clear that in Indiana the writ of habeas corpus is not the appropriate remedy in such a case as we are now considering. However, the writ of error coram nobis is available. State ex rel. Kunkel v. Circuit Court of LaPorte County, 209 Ind. 682, 200 N.E. 614; Ingersoll v. Kunkel, 210 Ind. 482, 4 N.E.2d 183; Swain v. Dowd, 215 Ind. 256, 18 N.E.2d 928; and State ex rel. Dowd v. Superior Court of LaPorte County, 219 Ind. 17, 36 N.E.2d 765.

■ To the denial of his petition in the coram nobis proceedings, appellant failed, as was suggested by the court in Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868, to take the possible step of applying for a writ of certiorari to the United States Supreme Court, but sought relief in the present petition for habeas corpus. Can it be, that because of that fact, under the circumstances in this case, appellant shall be denied the right to file his petition in a federal court in an endeavor to secure his constitutional rights? The answer is found in the language of the court in Johnson v. Zerbst, 304 U.S. 458, 466, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L.R. 357, "a prisoner in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and sub-

---

[1] Emphasis added.

stance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the state court to proceed to a judgment against him."

The purpose of the constitutional guaranty to the right of counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and assure him the guiding hand of counsel at every step in the proceedings, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, but failure to appoint counsel is not of itself a denial of due process, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. It is, however, a fact to be considered with the other circumstances in the case. Asserted denial of due process is to be tested by appraisal of all the facts in a given case, and if from all of the facts it appears that a petitioner has been denied the substance of a fair trial, he is entitled to relief under habeas corpus. Betts v. Brady, supra, 316 U.S. at page 462, 62 S.Ct. 1252, 86 L.Ed. 1595, and Mitchell v. Youell, 4 Cir., 130 F.2d 880, 881. True, habeas corpus cannot be used as a means of reviewing errors of law and irregularities—not involving the question of jurisdiction—occurring during the course of trial; and the writ cannot be used as a writ of error. These principles, however, must be construed and applied so as to preserve—not destroy—constitutional safeguards of human life and liberty. Johnson v. Zerbst, supra, 304 U.S. at page 465, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

Appellant is a poor person, a man of little education, with no training in law. He does not possess the requisite skill or knowledge properly to obtain relief in a coram nobis proceeding and is without means of hiring counsel and of paying for a record for use in perfecting an appeal from the judgment dismissing his petition for writ of error coram nobis. Lacking a helping trial judge, appellant is remediless and seemingly in a hopeless situation. Under such circumstances, how is he to avail himself of the right to gain relief?

If it be true that appellant is remediless, then, as was said in the Johnson case, supra, 304 U.S. at page 467, 58 S.Ct. 1024, 82 L.Ed. 1461, 146 A.L.R. 357, "it necessarily follows that no legal procedural remedy is available to grant relief for a violation of constitutional rights, unless the courts protect petitioner's rights by habeas corpus." In such a situation, "A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.'" Johnson v. Zerbst, supra, 304 U.S. at page 468, 58 S.Ct. 1025, 82 L.Ed. 1461, 146 A.L.R. 357.

We believe that appellant's resort to the state court in the coram nobis proceedings proved in practice unavailable or seriously inadequate. In such a case, as was said by Mr. Justice Holmes in the case of Moore v. Dempsey, 261 U.S. 86, 92, 43 S.Ct. 265, 267, 67 L.Ed. 543, "it appears to us unavoidable that the District Judge should find whether the facts alleged are true and whether they can be explained so far as to leave the state proceedings undisturbed." Moreover, the judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus, Johnson v. Zerbst, supra, 304 U.S. at page 468. If the facts alleged in the petition are true—concerning which we express no opinion—appellant has been denied a constitutional right; consequently, the application for the writ was good, and the District Court had jurisdiction to hear and decide that question.

A requirement that the District Court should, in this case, inquire into and specifically find the facts, as was done in the Botwinski case, supra, is not a reflection upon the integrity of the Indiana judiciary, nor does it afford an opening by which to inundate the federal courts with petitions for habeas corpus. Neither is it a holding generally, that habeas corpus in Indiana is a futile thing and need not be resorted to before coming to a federal court.

The case is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

EVANS, Circuit Judge (concurring).

I concur in the opinion of Judge Kerner. A brief statement of my position, I trust, will not appear inappropriate.

First, a word as to inconsistency. The charge appearing in the dissenting opinion is, so far as I am concerned, well founded.

I have not been consistent in my positions in these habeas corpus cases. Alas, consistency in other matters has not always been a shining virtue of mine. And worse still, I expect the future will disclose other inconsistencies and errors. It is my hope, however, that I will be able to admit, and attempt to correct, error, when discovered, even though consistency be thereby violated.

As an explanation of my positions taken on habeas corpus proceedings, I can only say that the guiding light which I have attempted to follow has not always been along a straight line. There have been curves and retracement of steps. And the light has at times been dim and uncertain. I did not fully appreciate that the scope and functions of writs of habeas corpus varied so greatly in different jurisdictions. Second, I failed to appreciate that, under some circumstances, a judgment or conviction in a state court was reviewable in an inferior Federal court on habeas corpus, when rights guaranteed by the Federal Constitution had been allegedly denied.

The courts, which have followed this moving light which led from United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138, to Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, and kept up with the pace, surely need not worry over their lack of consistency. They may, however, with some satisfaction and pride, point to the fact that the highly praised rights guaranteed the individual by the Federal Constitution have moved closer to, if not into the field of reality and actual practice. Perhaps, in the last analysis, consistency is not too high a price, if we have in reality succeeded in transferring these rights from the field of lip tribute to that of actualities,—at least in the Federal courts.

Laboring under the impression that where a prisoner was seeking relief from a state court inflicted imprisonment because of the alleged denial of rights guaranteed in the Federal Constitution, his sole remedy was to proceed through the state courts and ultimately, if necessary, to the United States Supreme Court, it seemed to me that a due regard for comity between Federal and state courts, as well as the logic of the situation, compelled inferior Federal courts to refuse to interfere by habeas corpus with the state court judgments. And this was so, even though the asserted right which had been denied the prisoner was one guaranteed by the Federal Constitution. In accepting this position the writer was not the only court to fail to recognize the proper rule governing the jurisdiction of inferior Federal courts in such situations which found expression in the Supreme Court decision for the first time, this year.

The rule which I thought applied, stemmed from the decision in United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138. Not until last January did this earlier pronouncement of the Supreme Court find correction, if not repudiation, by the same Court in the Ex parte Hawk case.

In short, I believed and assumed that the writ of habeas corpus would not issue from an inferior Federal court to review a state court conviction where the basis of this relief was the alleged violation of one of the rights guaranteed by the Federal Constitution.

It might be observed that the general functions of the writ of habeas corpus vary so much in different states that no reflection upon the Indiana courts is involved because that court limited its scope far more than does the United States Supreme Court. Indiana courts, if I am correctly advised, supplement habeas corpus proceedings, with the writ of coram nobis. Less seldom, or not at all, is this writ of coram nobis used in other states, or in the Federal courts, although no doubt it is an available remedy. It is a rarely used remedy in many jurisdictions, state or Federal.

The correction of my view of the law is traceable to the decision of the Supreme Court in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448.

The Hawk decision is the latest of the Supreme Court on the subject. It was no doubt intended to enlighten the Federal inferior courts so that the rather difficult road which they must travel will have fewer obstructions. Also, the convict who believes he has been denied rights guaranteed him by the Federal Constitution will find the proper judicial haven he is seeking. At the same time, I hope there will be avoidance of conflict with the state courts, an end in itself not lightly to be dismissed from consideration.

Guidance is to be found in the decision of the Supreme Court in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, announced

January 31, 1944, in the next to the last paragraph on page 118, of 321 U.S., at page 450 of 64 S.Ct. which reads,—

"Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 521, 522, 68 L.Ed. 989. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. [103, at page] 115, 55 S.Ct. [340], 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by *state law proves in practice unavailable or seriously inadequate,* cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless. In such a case he should proceed in the federal district court before resorting to this Court by petition for habeas corpus."

Attention is directed to the italicized words appearing in the quotation and also to the last sentence. Here is a direction both to the convict and to the court. In telling the convict where he shall proceed, namely, in the Federal District Court, the Supreme Court is indirectly saying to the District Court that it should take jurisdiction of a petition for habeas corpus if the said petition alleged that in the trial of his case in the state court the convict had been denied protection of the rights guaranteed him by the Federal Constitution, and if he also alleged the facts from which it appears that (a) the state court remedies had failed to afford a full and fair adjudication of the contentions raised, or (b) "because in the particular case the remedy afforded by state law proved in practice *unavailable or seriously inadequate.*"

The precise question is this: In the particular case of Mr. Potter, were the remedies afforded him by the Indiana law "in practice unavailable or seriously inadequate"? That the Supreme Court of Indiana would not correct the trial court's alleged errors in petitioner's case in a habeas corpus proceeding is, I think, clear.

Perhaps his remedy was theoretically available through an application for a writ of coram nobis. However, he had sought such a writ. The proceeding was deemed by the Indiana courts to be a civil proceeding and he was not entitled to proceed as a pauper or to the aid of counsel. He was a pauper and more or less illiterate. He attempted to present a sufficient petition for a writ of coram nobis unaided by counsel and his efforts were fruitless, as one might expect. A pauper lodged in the penitentiary and unfamiliar with Federal procedure, was in no position to avail himself of a remedy provided by the Indiana state law in the way of a writ of coram nobis. One could not in fairness say it was an adequate remedy.

So Judge Kerner and I think. Of course, reversing the order of dismissal does not mean that the writ of habeas corpus will be ultimately allowed. It merely holds that the District Court should not deny petitioner a hearing on the facts alleged. The Warden of the state prison and the State of Indiana may be asked, and perhaps required, to answer. If the allegations of Potter's petition be false or, conceding the verity of the allegations, insufficient to warrant the relief, the petition will be dismissed.

I hardly believe such a course will open wide the flood gates or that Federal courts will be deluged with petitions for habeas corpus in Indiana. That there has been a vast increase in these petitions in this Circuit which have imposed great burdens upon the courts, I can not deny. Even though there were thrice this increase in number, the argument that we are too busy to hear applications like this, leaves me cold. Enforcement or protection of the rights of an individual is surely not adequate if it turns on the amount or increase of the judicial labors in the Federal courts. It may be true that ninety-nine out of every hundred petitions of these convicts, who allege that the rights of the Federal Constitution were denied them, are mistaken, and the applications are without merit. On the other hand, it may be that one in a hundred is entitled to the relief. Clearly, no Federal court may say nay, before hearing, to any petitioner who, in or out of jail, asserts his confinement resulted from a denial of a right so treasured as those found in the Federal Constitution.

No one would more quickly resent the suggestion that judicial ruling should or

250

may turn on the volume or heft of the work of the court to whom such a petition as Potter's has been addressed, than the writer of the dissenting opinion. It is inconceivable that justice should be denied or refused because the burden of the court is a heavy one—or that a decision in petitioner's favor would make the court's labors, heavier.

It may be that the practical and final relief from this situation has not yet been written by Congress. Legislation may be required to relieve the burden of the courts and yet insure protection to the various prisoners who present grievances, many imaginary, but a few, possibly, real ones, through the establishment of a separate quasi-judicial body or a separate court. Until such legislation is enacted, I shall not believe the Federal judiciary will refuse because of extra labor, to meet the plain duty which the mandate of the Supreme Court has imposed upon us.

MAJOR, Circuit Judge (dissenting).

The majority opinion, in my view, marks the dawn of a new era as to federal jurisdiction in habeas corpus. More than that, so far as the state of Indiana is concerned, the floodgates have been lifted and the federal courts will be deluged with petitions making every character of scurrilous attack upon the judiciary of that state. I am unable to join in the plain imputation that the state of Indiana has not provided an adequate remedy by which the legality of a prison sentence may be decided by its courts. Neither am I willing to reflect upon the integrity of the judiciary of that state by insinuating that the remedy provided is not available to one confined in its institutions.

The opinion, in my judgment, repudiates a long line of decisions of this court, notwithstanding the expressed statement to the contrary. Especially is this so as to the holding that habeas corpus in Indiana is a futile thing and need not be resorted to before coming to a federal court.

In Jones v. Dowd, etc., 128 F.2d 331, at page 333 (opinion by Minton, concurred in by Evans and Kerner), this court stated:

"There is no allegation in the petition that the petitioner applied to the State court of Indiana for a writ of habeas corpus. * * *

"The Constitution and statutes of Indiana give full recognition to the right to the writ of habeas corpus. Indiana Constitution, Article 1, Section 27; Burns Revised Statutes (1933) 3-1901. The fact that the Indiana Supreme Court has consistently held that one trial court has no authority to review the errors of another on a petition for a writ of habeas corpus does not relieve the petitioner of the duty to pursue the remedy first in the State court."

In Davis v. Dowd, 119 F.2d 338 (opinion by Lindley, concurred in by Evans and Sparks), the court, in response to the same contention which is advanced in the instant case, said:

"Petitioner asserts that to have sought a remedy under the Indiana constitution and statutes would have been futile. But the Constitution of Indiana, Article I, Section 27, preserves the writ of habeas corpus and Section 3-1901, Burns 1933 Indiana Statutes provides that every person 'restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of the restraint, and shall be delivered therefrom when illegal.' "

In Botwinski v. Dowd, 118 F.2d 829 at page 830 (opinion by Sparks, concurred in by Major and Holly), the court stated:

"For reasons stated by this court in Achtien v. Dowd, 7 Cir., 117 F.2d 989, decided February 19, such relief as is here sought should be sought through the machinery of the state courts, from which application for review may be made directly to the Supreme Court of the United States if the applicant urges that he is wrongfully deprived of the rights guaranteed him by the Federal Constitution."

Achtien v. Dowd, 117 F.2d 989 (opinion by Evans, concurred in by Sparks and Lindley), is the progenitor of this doctrine which we have so long embraced. In response to this same contention, now embraced by the majority, that it was futile to proceed by habeas corpus in the state courts of Indiana, this court on page 995 of 117 F.2d said:

"Regardless of the belief of counsel as to the action which the Indiana Supreme Court may take, upon the presentation to it, of a petition for habeas corpus, it was his duty in view of the decision of the United States Supreme Court in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, to first apply to the state court for such a writ. Failure of the petition to show the taking of

such action in the state court renders the petition under consideration insufficient."

The court pointed out that the Supreme Court of Indiana might change its holding, and then stated:

"Even if it refused to change its views, petitioner would be in a position to apply directly to the Supreme Court for redress."

I should think that if we are now going to repudiate a rule of law so thoroughly established by our previous holdings (in which every Judge of the court has at some time or another participated), we should at least be frank and acknowledge the repudiation.

This opinion will leave the federal District Courts, at least of this Circuit, in a hopeless quandary as to what is required to show jurisdiction in habeas corpus. If we pursue the direction we are now headed, it will not be long until the Indiana Judges will be on trial in the federal courts. This statement is not as fantastic as it may sound. Suppose a person serving a sentence in the Indiana penitentiary files in the United States District Court his petition for habeas corpus and alleges that the Judge imposing sentence threatened to cut his ears off if he didn't plead guilty (or makes some other equally absurd charge). In order to show that he has exhausted his state remedies, he need not, under the instant opinion, allege that he has applied for habeas corpus. He need not even show that he has complied with the rules and procedure of Indiana courts with reference to an application for the writ of coram nobis. It apparently would be sufficient to show as an excuse for failure to comply with such rules and procedure that he was without means to employ an attorney and that he had called his situation to the attention of the Indiana courts by letter or some other informal communication.

If and when the federal court assumes jurisdiction, the petitioner is entitled to a full and fair hearing. This no doubt would carry with it the right of subpoena, including the right to subpoena the Judge who had imposed the sentence; in fact, whether subpoenaed or not, the sentencing Judge would, in order to protect his own integrity, be compelled to appear and controvert the charge. At that moment, the prisoner would become the prosecuting witness and the trial Judge the defendant. This is not important where jurisdiction is rightly assumed but it is some-thing to think about before we broaden the jurisdiction of the federal courts to include what has heretofore been strictly within the domain of the state courts.

At the time the above was written, I did not have the benefit of Judge Evans' concurring opinion. The confusion which I think will arise from Judge Kerner's opinion has been greatly increased by Judge Evans' concurrence. It does, however, possess the virtue of a frank admission that what we have heretofore held is being repudiated. The reason assigned for such change of front is the decision in Ex parte Hawk. I apprehend that all federal Judges have read that decision many times. Its analysis would serve no good purpose. In my opinion, the interpretation placed upon it by Judge Evans is clearly erroneous. Rather than broadening the jurisdiction of federal courts in habeas corpus, as argued, it had the opposite effect and was so intended. Under that decision, the order of the District Court should be affirmed.

In my judgment, the District Court was without jurisdiction and correctly dismissed the petition. Its order should be affirmed.