Winston POSEY

v.

J. Ellis OVERLADE, Warden, Indiana State Prison.

Civ. No. 2091.

United States District Court N. D. Indiana, South Bend Division.

Nov. 15, 1956.

Robert S. Baker, Deputy Public Defender, Rushville, Ind., for petitioner.

Robert O'Mahoney, Deputy Atty. Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein writ was issued, return and answer filed by the respondent, and the cause tried to the court.

As the findings of fact and conclusions of law will appear in this opinion, it will be filed and will so serve.

Although there is a serious question as to whether the petitioner has sustained the burden of proving he was denied counsel when he entered his plea

of guilty on arraignment in the Lake Criminal Court of Lake County, Indiana, decision of that question is not required because the petitioner has failed to prove that he has exhausted the remedies available to him in the state courts of Indiana.

The writ was issued by this court because the allegations of exhaustion of state remedies in the petition might be sufficient under Potter v. Dowd, 7 Cir., 1944, 146 F.2d 244. These allegations were denied by the respondent in his return and answer.

Subsequent to the decision in Potter v. Dowd, supra, the law in Indiana has been changed, not as to habeas corpus but as to coram nobis. In 1945 the Public Defender Act was enacted by the legislature of Indiana and became effective on February 26, 1945. Burns' Ann.St. Ind. § 13–1401 et seq. It makes the services of the Public Defender available to any person in any penal institution of Indiana, who is without funds to employ counsel, in any matter in which such person may assert he is unlawfully or illegally imprisoned, after his time for appeal shall have expired, and authorizes the Public Defender to order transcripts and appeal at the expense of the State of Indiana.

Coram nobis has long been an available remedy in Indiana, and since February 26, 1945, it is an adequate available one because a state prisoner can pursue it with competent counsel available without expense to him and with the absolute right of appeal to the Supreme Court of Indiana at public expense, if relief be denied him in the committing court of Indiana.

We, therefore, now hold that a prisoner of the State of Indiana under sentence on a plea of guilty, who claims his detention is illegal because of denial of a constitutional right or of a denial of due process by the court of Indiana which pronounced sentence, must file his petition for writ of error coram nobis in the committing court and, if there denied, appeal to the Supreme Court of In-

diana before he has exhausted his state remedies. The Supreme Court of Indiana must first be given an opportunity to pass upon questions attempted to be raised in this court. Posey v. Overlade, 7 Cir., 234 F.2d 404.

The evidence on behalf of the petitioner is that on or about October 16, 1941, he filed a petition for a writ of error coram nobis in the Lake Criminal Court and on June 24, 1942, a demurrer thereto was filed by the State of Indiana. The demurrer was sustained and thereafter the petitioner went to the Supreme Court of Indiana to mandate the Judge of the Lake Criminal Court to appoint counsel for him and to provide transcript for appeal at public expense but they turned him down. For aught appearing in the record here these coram nobis proceedings are still pending in the Lake Criminal Court. Under the law in Indiana the petitioner can file an amended petition, secure a final determination and, if unsuccessful, appeal to the Supreme Court of Indiana at public expense with the services of the Public Defender of Indiana available to him without charge.

The petitioner testified that he filed a petition to vacate the judgment in the Lake Criminal Court in 1951, 1952 or 1953. He doesn't know, and there is no evidence as to what happened in that proceeding. For aught appearing in the record that proceeding is still pending and undetermined.

The petitioner has failed to show that he has exhausted the remedies available to him in the state courts of Indiana, in fact, the uncontradicted evidence is to the contrary and conclusively establishes that he has not exhausted his state remedies.

Accordingly the petition is denied; the petition dismissed; the respondent discharged from the writ and the petitioner remanded to the custody of the respondent.

The clerk will enter judgment accordingly.