Per Curiam.

The first question presented by the petitioner relates to the sufficiency of the indictment. The indict *411 inent charged him with the unlawful possession of a narcotic drug without specifying the particular drug. The indictment charged the words of the statute (Section 3719.09, Revised Code), which are:
“No person except a manufacturer, wholesaler, practitioner, pharmacist, owner of a pharmacy, or other person authorized to administer or dispense narcotic drugs by the provisions of Sections 3719.01 to 3719.22, inclusive, of the Revised Code, shall have in his possession or under his control any narcotic drug or narcotic drug preparation unless such drug is exempted under the provisions of Section 3719.15 of the Revised Code * * # J J
This indictment complied with the provisions of Section 2941.05, Revised Code, which reads as follows:
“In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.” See State v. Yudick, 155 Ohio St., 269.
The indictment was not objectionable because it failed to negate the exceptions contained in the statute. Section 2941.10, Revised Code, reads as follows:
“No indictment or information for any offense created or defined by statute is objectionable for the reason that it fails to negative any exception, excuse, or proviso contained in the statute creating or defining the offense. The fact that the charge is made is an allegation that no legal excuse for the doing of the act exists in the particular ease.” See Folenius v. Eckle, Supt., 109 Ohio App., 152.
Thus the indictment here clearly stated a crime under the laws of Ohio, and if petitioner had so desired he was entitled to ask for a bill of particulars setting forth specifically the nature of the offense charged. Section 2941.07, Revised Code.
The petitioner claims further that his attorney had no right *412 to enter a plea of guilty for Mm. However, the journal entry shows that the petitioner himself entered, the' plea of guilty. Such entry is presumed to be correct.
Irrespective of the presumption, petitioner was in court when the plea was made and, according to his own testimony, stood silent. He cannot now in a habeas corpus proceeding question such former proceedings. In Christian v. Dowd, Warden, 219 Ind., 265, paragraph one of the syllabus reads as follows :
“A judgment of a criminal court, wherein it appears that the defendant was before the court in his own proper person and that he was represented by counsel, that he waived arraignment and trial by jury, and for plea said that he was guilty as charged, imports verity on its face, and, in a collateral proceeding, constitutes conclusive evidence of the jurisdiction of the court over the person of the defendant.”
Inasmuch as petitioner in the instant case was represented by counsel of Ms own choosing, the above principle is even more applicable to him. He had every opportunity to plead not guilty if he so desired.
The petitioner claims that he was deprived of his constitutional rights by the use of evidence obtained by an illegal search.
The search of which he is complaining was not an illegal search but one made pursuant to a lawful arrest as a result of a complaint issued against Mm. The fact that evidence of an additional crime was discovered during such search does not make such search illegal nor does it prevent prosecution for such additional offense.
In Harris v. United States, 331 U. S., 145, paragraphs two and nine of the syllabus read as follows:
“2. A search incidental to an arrest may, under appropriate circumstances, extend beyond the person of the one arrested to the premises under his immediate control.”
“9. If entry upon the premises be authorized and the search Which follows be valid, there is nothing in the Fourth Amendment which inMbits the seizure by law-enforcement agents of government property the possession of wMch is a crime, even though the officers are not aware that such property is on the premises when the search is initiated.”
*413 The petitioner has made no showing that he was deprived of any constitutional rights, or that there was any lack of jurisdiction in the court either over his person or over the subject matter of the crime.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.