No. 15,541.

### HOEY v. McCARTHY.

POOR PERSON.—*Application to be Admitted to Prosecute.—Refusal.—Discretion of Court.*—It is only where there is a clear case of abuse of discretion on the part of the trial court in refusing an application to be admitted to prosecute an action as a poor person that its judgment will be reversed.

SAME.—*Non-Resident.—Cost-Bond.*—Where such an application is denied a non-resident it is not error, upon the refusal of the plaintiff to file the bond for costs required by the statute (section 589, R. S. 1881), without any additional showing as to the claim, or inability to give the bond, to dismiss the complaint.

From the Starke Circuit Court.

*H. R. Robbins,* for appellant.

*A. J. Gould* and *J. W. Nichols,* for appellee.

MITCHELL, J.—The only question for decision involves the propriety of the ruling of the court in refusing to admit the appellant to prosecute an action instituted by her in the Starke Circuit Court against the appellee, as a poor person, and in sustaining a motion to dismiss the action because of the plaintiff's failure to file a bond for costs, a proper affidavit showing that she was a non-resident of the State of Indiana having been filed.

"Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defence, who shall do their duty therein without taking any fee or reward therefor from such poor person." Section 260, R. S. 1881.

The record shows that after instituting her action, the plaintiff presented a verified petition asking the court to admit her to prosecute as a poor person. She set forth in the petition that she had a meritorious cause of action against the defendant to recover the value of seven years' services, rendered for him, and to recover $250, money loaned defendant about four years before the action was commenced. She averred that she was poor and not worth ten dollars over and above her wearing apparel, and the claim she was prosecuting against the defendant. It does not appear that any other evidence was heard, or that any statement was made by any attorney, or other person than the petitioner, concerning the merits of the claim. Pending the plaintiff's petition, the defendant moved the court, upon an affidavit showing that the plaintiff was a non-resident of the State of Indiana, that she be required to file a bond for costs. The court denied the plaintiff's petition, and made an order requiring her within a time fixed to file a cost bond. Refusing to comply with this last order her complaint was dismissed.

An application to be permitted to prosecute an action, as a poor person, presents a subject for the sound discretion of the *nisi prius* court; and a very clear case of abuse must be shown before the discretionary power of the court can be in-

terfered with. The court must be satisfied that the peti-
tioner has not sufficient means to prosecute the action ; more
than that, the court ought to be satisfied that the claim upon
which the action is predicated is a meritorious one. At the
common law no one was admitted to sue *in forma pauperis.*
Subsequently, in pursuance of the statute, 2 Henry VII., c.
12, if the plaintiff made affidavit that he was not worth £5
above his wearing apparel he might, upon petition to the
Chief Justice, supported by the opinion of counsel who had
examined into the merits of his claim, be admitted to prose-
cute as a poor person. 1 Tidd Pr. 97. A similar practice
prevails in New York, where the petitioner is required to
verify his petition, and support it by the certificate of a coun-
sellor of the court, to the effect that he has examined the
claim, and is of opinion that the petitioner has a merito-
rious cause of action. 2 Crary N. Y. Pr. 165, 166 ; 2 Barb.
Rt. of Persons, 803.

Proper caution should be observed in allowing applica-
tions like this, because it can rarely happen that any one with
a good claim will be deprived of his legal right for want of
a competent and reputable lawyer to vindicate his cause in
the courts. *Brown* v. *Story,* 1 Paige, 588 ; *Isnard* v. *Caz-
eaux,* 1 Paige, 39.

There is probably no profession where benefactions to the
poor, in the way of gratuitous services, as well as in other
material respects, exceed those of the legal profession, and
while an attorney can not, even upon the order of the court,
be compelled to render services gratuitously ( *Webb* v. *Baird,*
6 Ind. 13), it may be doubted whether a suitor with a meri-
torious cause ever failed to secure a hearing because of his
inability to employ an advocate.

It is manifestly the duty of the courts to see to it that jus-
tice is not allowed to fail, and that no one is denied the op-
portunity of asserting his rights under the law because he is
an object of charity ; but it is equally their duty not to en-
courage unnecessary and fruitless litigation, or to allow the

public treasury to be opened merely to harass persons against whom speculative claims in which no merit is apparent may be asserted. The defendant may have been unable to endure such an unequal contest.

The face of the claim in the present case is over one thousand dollars, and the court may well have believed that a competent lawyer could readily have been procured to prosecute the action if it had been believed that the claim on which it was based was a meritorious one. We can discover nothing in the record to justify an interference with the discretion exercised by the court.

The court having, for satisfactory reasons, declined to admit the appellant to prosecute as a poor person, she was subject to the provisions of section 589, R. S. 1881, which requires plaintiffs who are not residents of the State to file in the office of the clerk a written undertaking for costs.

Having refused compliance with the order of the court, without any additional showing as to her claim, or her inability to obtain a surety to sign her bond, and the order having been made in conformity with the requirements of this statute, there was no error committed in dismissing the complaint.

The judgment is affirmed, with costs.

Filed June 24, 1890.