## JONES *v.* DOWD, WARDEN.

[No. 27,635.   Filed November 3, 1941.]

*Clyde Jones,* of Michigan City, *pro se.*

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for respondent.

FANSLER, C. J.—This is a petition for a writ of *habeas corpus* filed as an original action in this court.

Section 4 of Article 7 of the Constitution of Indiana provides that this court shall have original jurisdiction only in cases provided by the General Assembly. Section 3-1905, Burns' 1933, § 1023, Baldwin's 1934, provides: "Writs of habeas corpus may be granted by the circuit or superior courts of the county in which the person applying therefor may be restrained of his or her liberty, or by the judges of said courts. . . ." There is no statute conferring original jurisdiction of *habeas corpus* upon this court.

The petitioner says that his writ is addressed to this court for the reason that the LaPorte Superior Court, a court of general jurisdiction, and having jurisdiction to issue writs of *habeas corpus* under the statute, has been prohibited by this court from exercising jurisdiction over his petition for *habeas corpus*. It does not appear that the petitioner filed an application for *habeas corpus* in the LaPorte Superior Court, and it seems that he refers to cases in which it has been held by this court that the LaPorte Superior Court has no jurisdiction to discharge a prisoner from the Indiana State Prison when he is held upon a commitment issued in execution of a judgment of a court of general criminal jurisdiction. This rule is firmly established, and it may be added that if this court had general jurisdiction of *habeas corpus* proceedings it would have no jurisdiction to discharge a prisoner by writ of *habeas corpus* under such circumstances.

It is clear that the basis of the petitioner's writ is alleged error of law in the trial in which he was convicted of first degree murder in the year 1930. Procedure and methods of correcting error of law by appeal are provided by statute, and

neither courts of general jurisdiction nor this court can review the proceedings of a court of general jurisdiction for error by *habeas corpus* proceedings. Petitioner's difficulty lies in the fact that he does not have a case authorizing the issuance of a writ of *habeas corpus*. It does not arise out of a lack of jurisdiction in the *nisi prius* courts to issue the writ in a proper case. There must be adequate jurisdiction of *habeas corpus* proceedings in the courts. Adequate procedure for the exercise of the appellate jurisdiction of this court has been provided by statute and rule of court, and there is no precedent for, and we see no reason for, recognizing *habeas corpus* as a proper procedure for review for error. For a discussion of the jurisdiction of appellate courts in *habeas corpus* proceedings, see *Ex Parte Jerman* (1910), 57 Ore. 387, 112 P. 416.

It is concluded that this court has no original jurisdiction of *habeas corpus*.

Petition dismissed.

NOTE.—Reported in 37 N. E. (2d) 68.