STATE EX REL. JONES *v.* SMITH, JUDGE.

STATE EX REL. JONES *v.* HORNADAY, JUDGE.

[Nos. 27,745, 27,783. Filed December 10, 1942. Rehearing denied January 11, 1943.]

*Clyde Jones,* pro se.

PER CURIAM.—These two original actions were filed by the same Clyde Jones whose petition for a writ of *habeas corpus* filed as an original action in this court was denied in *Jones v. Dowd, Warden* (1941), 219 Ind. 114, 115, 37 N. E. (2d) 68.

In 27,745 he asks this court to mandate the respondent to receive and file relator's application for a writ of *habeas corpus* and to act thereon. As an exhibit to his petition he attaches a copy of the application for a writ of *habeas corpus* which he says the respondent judge did not permit to be filed in the LaPorte Superior Court. This application contains

substantially the same allegations, with greater degree of particularity, that were contained in the petition filed in cause No. 27,635 and denied in *Jones* v. *Dowd, Warden, supra*. We said in that case that petitioner was seeking to use a writ of *habeas corpus* as a method of review for error of law in the trial in which he was convicted. We added: "Procedure and methods of correcting error of law by appeal are provided by statute, and neither courts of general jurisdiction nor this court can review the proceedings of a court of general jurisdiction for error by *habeas corpus* proceedings." Since it appears from the exhibit attached to his petition that the LaPorte Superior Court had no jurisdiction to grant the relief prayed therein, it follows that petitioner suffered no harm by the refusal of the judge of that court to permit the application to be filed. The petition for writ of mandate in 27,745 is therefore denied. See also *State ex rel. O'Leary* v. *Smith, Judge* (1941), 219 Ind. 111, 37 N. E. (2d) 60.

In 27,783 relator asks that we mandate the judge of the Boone Circuit Court to set a date for a hearing on relator's motion for the appointment of counsel to prosecute a petition for a writ of error *coram nobis* now pending in said court and to set a date for a trial of said petition. We are informed that the Honorable Ernest R. Stewart, Judge of the Boone Circuit Court, has set for hearing on the 6th day of January, 1943, the petition for writ of error *coram nobis* and has so advised relator. It was held in *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. (2d) 601, that a petitioner for writ of error *coram nobis* is not entitled to be furnished at public expense a transcript of the record in the original trial. In the opinion we said: "We know of no constitutional provision that requires that the public shall

bear any of the expense of the preparation or prosecution of the petitioner's action seeking to overthrow the judgment, nor of any statute requiring or authorizing the expenditure of public funds for such a purpose." See also *State ex rel. Sawa* v. *Criminal Court of Lake County* (1942), *ante* p. 4, 40 N. E. (2d) 971. Upon the authority of these cases we are of the opinion that relator is not entitled to counsel furnished at public expense to prosecute his writ. Inasmuch as the only relief to which he is entitled is a hearing which has already been set, it is unnecessary for us to issue a writ of mandate against the Boone Circuit Court or the judge thereof. Relator's petition in cause No. 27,783 is denied.

### ON PETITION FOR REHEARING.

PER CURIAM.—Relator in a petition for rehearing says that we should have mandated respondent to assign relator counsel for the prosecution of his petition for writ of error *coram nobis* either pursuant to constitutional authority or § 2-211, Burns' 1933, § 26, Baldwin's 1934. We held in the original opinion that there is no constitutional requirement for appointment of counsel at public expense. The statute referred to is a part of the Civil Procedure Act of 1881. We need not decide herein whether or not the statute is applicable to *coram nobis* proceedings. It rightly has been held by this court in *Hoey* v. *McCarthy* (1890), 124 Ind. 464, 24 N. E. 1038, that, "An application to be permitted to prosecute an action, as a poor person, presents a subject for the sound discretion of the *nisi prius* court; . . ." This being the case mandate does not lie but the remedy for an abuse of discretion is by appeal.

Petition for rehearing denied.

NOTE.—Reported in 45 N. E. (2d) 203, 46 N. E. (2d) 199.