### KELLY v. DOWD, WARDEN.

[No. 27,998. Filed April 18, 1944.]

*Garfield J. Kelly,* of Michigan City, *pro se.*

PER CURIAM.—Garfield J. Kelly has filed what is denominated an appeal from the La Porte Superior Court. It is recited in the petition: "That on the 21st day of March, 1944, in the La Porte Superior Court, Michigan City, Indiana, was filed and dismissed Petitioner's Application for a Writ of Habeas Corpus in Forma Pauperis. Petitioner was denied assistance of counsel in his causes in the Vigo Circuit Court in which petitioner was sentenced to life—20 and 25 years in 1933. . . ."

There is no transcript of the record or judgment below, but there is what is denominated "Petition for Permission to Prosecute Appeal in Forma  Pauperis," in which it is said that he has no money "wherewith to pay the fee required by this court for filing, prosecuting and defending said action." But no advance payment of fee is required as a condition to the filing or prosecution or defense of an action or an appeal in this court, as the petitioner must know, since this is not the first proceeding filed by him and acted upon by this court. See *Kelly* v. *Gerdink, Judge* (1944), *ante* p. 105, 52 N. E. (2d) 43.

If it is intended as a petition to have counsel furnished and a record for appeal prepared at public expense, it must be denied for the same reason that prompted us to deny a like request in a *coram nobis* proceeding. See *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. (2d) 601; *State ex rel. Sawa* v. *Criminal Court of Lake County* (1942), 220 Ind. 4, 40 N. E. (2d) 971; *State ex rel. Jones* v. *Smith* (1943), 220 Ind. 645, 45 N. E. (2d) 203, 46 N. E. (2d) 199.

It may be well to suggest that it appears on the face of the pleading now before us that the petitioner is being held as a prisoner in the Indiana State Prison upon a commitment based on a judgment of the Vigo Circuit Court, and that his petition for *habeas corpus* is based upon the assertion of error committed by the court that sentenced him. It has been long and well settled that under such circumstances the courts of La Porte County have no jurisdiction to interfere with or release prisoners in the State Prison on *habeas corpus*.

The petition does not conform to the requirements of an appeal, and it cannot invoke our jurisdiction to require the trial court to appoint counsel or furnish records at public expense. It is therefore dismissed.

NOTE.—Reported in 54 N. E. (2d) 105.