STATE of Indiana ex rel. Walter
Raymond WHITE, Relator,

v.

The MARION SUPERIOR COURT,
CRIMINAL DIVISION, NO. 3, and the
Honorable Charles C. Daugherty, Re-
spondents.

No. 579S119.

Supreme Court of Indiana.

June 27, 1979.

Robert D. Hollingsworth, Indianapolis,
for relator.

Stephen Goldsmith, Pros. Atty., Bobby
Jay Small, Deputy Pros. Atty., Indianapolis,
for respondents.

GIVAN, Chief Justice.

On April 24, 1979, this Court conducted a
hearing on a temporary writ of mandate
and prohibition. The matter was taken un-
der advisement and on April 27, the petition
was unanimously denied. We now deny the
application for a permanent writ.

Relator Walter R. White was charged
with two counts of murder in the Marion
Superior Court. On March 12, 1979, a jury
was impanelled and the trial was com-
menced. Two days of testimony and evi-
dence followed. The final witness on the
second day of trial was Dr. Josefino C.
Aguilar, a pathologist at Wishard Memorial
Hospital. Dr. Aguilar had performed the
autopsies on the two purported victims.
During his testimony, Dr. Aguilar refused,
in the presence of the jury, to answer ques-
tions propounded by the deputy prosecutor
on one occasion, by defense counsel on four
occasions and by the court on two occasions.
The next morning, March 14, Dr. Aguilar
was recalled to the stand. When the court
ordered him to answer questions propound-
ed by the court, he twice refused. Aguilar
stated that the reason for his refusal was
that the "Prosecutor's Office, time and,
time again, refuse to give the courtesy that
they would give an ordinary expert witness
. . . ." Hence, he stated, he would tes-
tify only as to facts and would not give his
expert opinion on any issues. Thereupon,
the court found him in direct contempt of
court, levied a fine of $50.00 and sentenced
him to five days in jail. Following this
series of events, all in the presence of the
jury, the court declared a mistrial in view
of the adverse impact on the jury. Relator
now requests this Court to order the Marion
Superior Court to discharge him on the
ground that a retrial would violate the dou-
ble jeopardy clauses of the United States
and Indiana Constitutions and IC § 35–41–
4–3 [Burns 1979].

Original actions are viewed with extreme
disfavor by this Court. *State ex rel. Gibson*

General Hospital v. Warrick Cir. Ct. (1966) 247 Ind. 240, 214 N.E.2d 655. Writs of mandate and prohibition will be issued only where the trial court has an absolute duty to act or refrain from acting. *State ex rel. Wm. H. Block Co. v. Sup. Ct. of Marion Cty.* (1943) 221 Ind. 228, 47 N.E.2d 139. Where the matter lies within the discretion of the trial court, this Court will not consider applications for writs of mandate and prohibition since the legal remedy of an appeal is adequate. *State ex rel. Socony Mobil Oil Co. v. Delaware Cir. Ct.* (1964) 245 Ind. 154, 196 N.E.2d 752; *State ex rel. Jones v. Smith* (1943) 220 Ind. 645, 46 N.E.2d 199.

The orderly procedure of the trial should be left to the sound discretion of the court trying the case. *State ex rel. Rooney v. Lake Cir. Ct.* (1957) 236 Ind. 345, 140 N.E.2d 217. The granting or denial of a motion for mistrial falls within this rule and will be reversed only where an abuse of judicial discretion is demonstrated. *Bean v. State* (1978) Ind., 371 N.E.2d 713; *Short v. State* (1968) 250 Ind. 459, 237 N.E.2d 258.

The respondent in the case at bar had the discretion to grant a mistrial when, in his sound judgment, unfair or prejudicial conduct had occurred at the trial. The remedy of appeal is adequate to challenge the trial court's discretion in this matter. The question presented is therefore not a proper subject for an original action.

The petition for a writ of mandate and prohibition is hereby denied.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.