NOTE—Reported at 390 N.E.2d 1018.

STATE OF INDIANA EX REL. WALTER RAYMOND WHITE *v.*
THE MARION SUPERIOR COURT CRIMINAL DIVISION, NO. 3
AND THE HONORABLE CHARLES C. DAUGHERTY

[No. 579S119. Filed June 27, 1979.]

*Robert D. Hollingsworth*, of Indianapolis, for relator.

*Stephen Goldsmith*, Marion County Prosecutor, *Bobby Jay Small*, Deputy Prosecuting Attorney, for respondents.

GIVAN, C.J.—On April 24, 1979, this Court conducted a hearing on a temporary writ of mandate and prohibition. The matter was taken under

advisement and on April 27, the petition was unanimously denied. We now deny the application for a permanent writ.

Relator Walter R. White was charged with two counts of murder in the Marion Superior Court. On March 12, 1979, a jury was impanelled and the trial was commenced. Two days of testimony and evidence followed. The final witness on the second day of trial was Dr. Josefino C. Aguilar, a pathologist at Wishard Memorial Hospital. Dr. Aguilar had performed the autopsies on the two purported victims. During his testimony, Dr. Aguilar refused, in the presence of the jury, to answer questions propounded by the deputy prosecutor on one occasion, by defense counsel on four occasions and by the court on two occasions. The next morning, March 14, Dr. Aguilar was recalled to the stand. When the court ordered him to answer questions propounded by the court, he twice refused. Aguilar stated that the reason for his refusal was that the "Prosecutor's Office, time and, time again, refuse to give the courtesy that they would give an ordinary expert witness . . . ." Hence, he stated, he would testify only as to facts and would not give his expert opinion on any issues. Thereupon, the court found him in direct contempt of court, levied a fine of $50.00 and sentenced him to five days in jail. Following this series of events, all in the presence of the jury, the court declared a mistrial in view of the adverse impact on the jury. Relator now requests this Court to order the Marion Superior Court to discharge him on the ground that a retrial would violate the double jeopardy clauses of the United States and Indiana Constitutions and IC § 35-41-4-3 [Burns 1979].

Original actions are viewed with extreme disfavor by this Court. *State ex rel. Gibson General Hospital v. Warrick Cir. Ct.*, (1966) 247 Ind. 240, 214 N.E.2d 655. Writs of mandate and prohibition will be issued only where the trial court has an absolute duty to act or refrain from acting. *State ex rel. Wm. H. Block Co. v. Sup. Ct. of Marion Cty.*, (1943) 221 Ind. 228, 47 N.E.2d 139. Where the matter lies within the discretion of the trial court, this Court will not consider applications for writs of mandate and prohibition since the legal remedy of an appeal is adequate. *State ex rel. Socony Mobil Oil Co. v. Delaware Cir. Ct.*, (1964) 245 Ind. 154, 196 N.E.2d 752; *State ex rel. Jones v. Smith*, (1943) 220 Ind. 645, 46 N.E.2d 199.

The orderly procedure of the trial should be left to the sound discre-

tion of the court trying the case. *State ex rel. Rooney v. Lake Cir. Ct.*, (1957) 236 Ind. 345, 140 N.E.2d 217. The granting or denial of a motion for mistrial falls within this rule and will be reversed only where an abuse of judicial discretion is demonstrated. *Bean v. State*, (1978) 267 Ind. 528, 371 N.E.2d 713; *Short v. State*, (1968) 250 Ind. 459, 237 N.E.2d 258.

The respondent in the case at bar had the discretion to grant a mistrial when, in his sound judgment, unfair or prejudicial conduct had occurred at the trial. The remedy of appeal is adequate to challenge the trial court's discretion in this matter. The question presented is therefore not a proper subject for an original action.

The petition for a writ of mandate and prohibition is hereby denied.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE — Reported at 391 N.E.2d 596.