STATE of Indiana ex rel., Thomas COURTNEY, Relator,

v.

The SUPERIOR COURT OF MARION COUNTY, CRIMINAL DIVISION FOUR and The Honorable Patricia Gifford, Judge thereof, Respondents.

No. 49S00–8804–OR–384.

Supreme Court of Indiana.

Sept. 14, 1988.

Robert W. Hammerle, Indianapolis, for relator.

David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for respondents.

PIVARNIK, Justice.

On March 23, 1988, this court conducted a hearing on a Temporary Writ of Mandate and Prohibition. The temporary writ was denied on that date and we now deny the application for a permanent writ.

Relator Thomas Courtney was charged with child molestation. His trial commenced on January 19, 1988. The jury retired for deliberations about 3:00 p.m., on January 21, 1988, and all instructions were sent to the jury room. At 4:00 p.m., the jury sent a request to view certain evidence. Pursuant to the court's instructions the bailiff called both attorneys. Relator's counsel objected so the jury request was denied.

There is some conflict in the course of events but generally it appears the jury made two other requests of the court that were answered by the trial judge without her notifying Relator or his counsel. Relator's counsel called the bailiff numerous times during the evening asking if there was any news. He was told each time that nothing had transpired and that the jury was still deliberating. Between 11:00 and 11:30 p.m., Relator's counsel called the deputy prosecutor to see if she had any news. The deputy responded she was aware of a question from the jury on split verdicts which had been answered. Relator's counsel claims he had not been informed of the communication by the bailiff, whom he had called just two minutes before. Relator's counsel then immediately called Judge Gifford's office and asked the bailiff why he had not been told of the jury communication. The bailiff put Relator's counsel on hold and Judge Gifford came on the line and said there had been a communication on split verdicts which she had answered and that nothing further had been heard. It was later discovered the jury had also sent a question on reasonable doubt, which had been answered in writing by the court.

The judge stated that about 11:00 p.m., the bailiff brought a written note from the jury foreman requesting instructions on what to do if they could not reach an agreement on two counts but could reach an agreement on two other counts. She responded in writing at the bottom of the note that if they reached a verdict on any count, to sign the proper verdict form and return the remainder unsigned. The judge further stated the jury sent out a request asking the court the definition of reasonable doubt. She responded in writing at the bottom of this note that the jury was to reread the instructions which had been sent with the jury to the jury room. The judge also said she called the deputy prosecutor and discussed these requests with her and intended to call Relator's counsel following that conversation but received Relator's counsel's call before she had an opportunity to do so.

Within a short period of time Relator's counsel again called the court advising the defendant wished to have a hearing on a mistrial pursuant to the alleged violation of IC 34–1–21–6. Immediately after this phone call the bailiff received a note from the jury indicating they were divided on all four counts in a fifty-fifty split and could not reach a verdict on any counts. When Relator's counsel arrived to present his motion for declaration of a mistrial, he and the deputy prosecutor were advised to appear in court. The jury was then summoned into open court with all parties present. Upon questioning the jurors the court determined the jury was in fact evenly divided and had been for some time. The jury indicated they could not reach a verdict even if they were sent back to deliberate further. The court thereupon declared a mistrial and reset the matter for trial by jury one week later, February 8, 1988, without objection from any of the parties.

Relator moved for dismissal and discharge based on his right to be protected against double jeopardy pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Art. 1 of the Indiana Constitution. He also filed several motions for change of venue from the judge, which were denied. These two grounds are the basis for his Petition for Writ of Mandamus.

Relator's contention in seeking a writ based on the trial court's ruling on his motion to dismiss seems to be that he did not object to the trial court granting a mistrial due to the jury's inability to decide the case because he did not at that time know all of the facts. He later learned the trial court had answered questions from the jury and discussed them with the deputy prosecutor without his knowledge. His decision not to object to the mistrial action was one based on lack of all the available information. He felt he needed to know more by either deposing or calling as witnesses the trial judge, the deputy prosecutor, and other court personnel. The trial judge ruled that regardless of what transpired with the questions from the jury and her responses thereto, the jury was unable to decide any of the issues and indicated they had been unable to do so throughout the evening's deliberations. Therefore a mistrial was proper and also cured any problems involving that jury. The only remedy available to Relator was a new trial, which he was getting. Relator claims that without having all the facts from the trial judge, the court reporter, the prosecutor, bailiff and other personnel, he was not in position to put an appeal record together. Since he could not get an appeal, he claims his case should be dismissed. Further, since the trial court interfered with the jury's deliberations by answering questions to it without notice to counsel, Relator claims she improperly granted the mistrial and put Relator in jeopardy.

We cannot but comment on the actions of the trial court in handling the responses to the jury questions here. Her action was improper, as we indicated to her in *Alexander v. State* (1983), Ind., 449 N.E.2d 1068. We suggest she re-read that case with cases and statutes cited therein. This, however, does not give Relator grounds for obtaining an alternative writ. It is within the sound discretion of the trial court to determine if legal necessity exists for discharge of a jury. The grant or denial of motion for mistrial falls within the discretion of the trial judge who will be reversed only when abuse of judicial discretion is demonstrated. One circumstance justifying a trial judge in taking this action is a hung jury. Another is when there might be unfairness or prejudice to the defendant in continuing to try the case before that particular jury. *White v. State* (1984), Ind., 460 N.E.2d 132, 135; *State ex rel. White v. Marion Superior Court, Criminal Division, No. 3* (1979), 271 Ind. 174, 176, 391 N.E.2d 596, 597, *cert. denied* 444 U.S. 951, 100 S.Ct. 425, 62 L.Ed.2d 322. The jurors indicated they were unable to decide guilt or innocence on any of the counts presented to them and had been so deadlocked from the beginning throughout their deliberations. No double jeopardy issue is presented justifying the issuance of a writ.

Relator filed several motions for change of venue from the judge pursuant to Ind.R.Crim.P. 12 based on bias and prejudice of the trial judge. In his hearing on the motion Relator requested the trial judge to recuse herself and testify as a witness along with all other personnel and the deputy prosecuting attorney. He bases his claim of bias and prejudice on the handling of the jury questions related above. Relator contends the handling of the responses by the trial judge demonstrates an apparent bias and prejudice against him so clear and blatant that this court is required to issue a mandamus against the trial court ordering her to grant the change of venue. Although we have found the actions of the court to be improper in the handling of the jury questions, it does not follow that these actions standing alone indicate bias and prejudice against Relator. Extraordinary equitable relief is not involved where the remedy by appeal is full and adequate. *State ex rel. Pebblecreek, Inc. v. Clark Circuit Court* (1982), Ind., 438 N.E.2d 984, 985. The denial of a motion for change of judge in the nature of the one here is a discretionary act which is reviewable only by appeal and not by alternative writ. Relator has not pleaded anything sufficient to warrant this court exercising original jurisdiction. *See State ex rel. White* 271 Ind. at 175–76, 391 N.E.2d at 597; *State ex rel. Crumpacker v. LaPorte Circuit Court* (1975), 264 Ind. 27, 29, 338 N.E.2d 261, 262.

Petition for writ is denied.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.