Lamark BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8807–CR–629.

Supreme Court of Indiana.

Sept. 25, 1989.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Marion Superior Court Criminal Division Room 4, Defendant–Appellant Lamark Brown was convicted of Robbery, a Class A felony, and received a term of twenty (20) years. Two issues are presented in this direct appeal:

1. error of the trial judge in communicating with the jury; and
2. sufficiency of the evidence.

The facts show that James E. Scharbrough, Sr., was walking alone on his way home in the early hours of May 10, 1987. He was attacked by two people who grabbed him and demanded his money. He testified he got the change from his pocket but left the bills. The two attackers then started stabbing him. He was stabbed approximately four times before his assailants left him. He described his two assailants as both black and in their early twenties. He remembered that one wore a white jogging shirt and the other wore a black or blue shirt with white threads around the shoulder and collar. The victim received help from a neighbor. On May 11, Scharbrough was able to identify Lamark Brown from photos the police showed him.

Brown and his parents testified that Brown was at home at the time this robbery was committed. Brown himself testified that he was at his home at about 1:30 in the morning when his friend came to the door with a knife in his hand and blood all over it. He said his friend was wearing a red, white and blue sweat shirt and told him he just got through robbing someone. Brown thought he was joking until he saw the blood.

I

During jury deliberations the jury foreman sent the following note to the court: "May we have a transcript of the conversation on tape that Mark [sic] Brown had with Ernie Miller?" The note was signed by the foreman. The judge responded by writing on the bottom of the same note, "The transcript is not available," and signed with her initials.

The jury later sent a second note which read, "May we have the tape of the conversation between Mark [sic] Brown and Ernie Miller along with a tape recorder." Again the note was signed by the foreman. The trial judge responded on the bottom of that note, "You must rely on your memory of the evidence and testimony submitted during trial." This note was also signed with the judge's initials.

Brown claims these communications with the jury occurred without the judge calling the jury into open court, without notifying Brown of the receipt of the notes and without giving Brown an opportunity to object before the responses were made. The notes appear in the record but are not accompanied by minutes indicating how they were handled. The nature of the

notes and the manner in which they appear in the record support Brown's contention that this matter was handled summarily by the court without notice to or response from Brown.

■ Brown correctly states that the trial court failed to follow proper procedure. Proper procedure is for the court to notify the parties and give them an opportunity to be present, then call the jury into open court and receive their inquiry or request. This procedure is fully set out in *Courtney v. Superior Court of Marion County* (1988), Ind., 528 N.E.2d 64, 66; *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89, 94; and *Alexander v. State* (1983), Ind., 449 N.E.2d 1068, 1073–74.

■ However, as we pointed out in the above cases, the fact that the trial court did not follow proper procedure does not automatically entitle defendant to a reversal. There must be a showing that the defendant was prejudiced by the communication. On appeal, we will infer prejudice from the failure to follow this procedure, but this inference is rebuttable. Here, the communications by the court were clarifying in nature so that any error committed by the court in giving them was harmless. *Wood v. State* (1987), Ind., 512 N.E.2d 1094, 1097; *Alexander*, 449 N.E.2d at 1074.

## II

Brown claims the evidence was insufficient to support his conviction by the jury. In reviewing a sufficiency claim we do not weigh evidence or judge credibility of the witnesses but are constrained to consider only that evidence most favorable to the state together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

■ Brown concedes our standard of review as above stated but claims we must find the evidence not sufficient when we are confronted with inherently improbable testimony or coerced, equivocal, wholly un-

corroborated testimony of incredible dubiosity. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1092. Brown claims his father and mother corroborated his testimony that he was at home when the attack and robbery occurred. He finds his alibi evidence to be more creditable than the testimony of the eyewitness victim who identified him. Brown does not point out what evidence of the State is inherently improbable or of incredible dubiosity, and we do not find the evidence to be of such character. The jury heard all of the evidence and returned a verdict of guilty. There was sufficient probative evidence to support their verdict.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.